[Crim. No. 4660.   Second Dist., Div. Three.   Sept. 21, 1951.]

THE PEOPLE, Respondent, v. JEFF ROBERT PRESCOTT, Appellant.

John R. Barta and Shelby Lee Chambers for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant, charged with assault with a deadly weapon and kidnapping, appeals from a judgment of conviction of the former offense, in a nonjury trial, for which he was sentenced to 180 days in the county jail, and also from an order denying his motion for new trial. He claims insufficiency of the evidence to support the judgment.

There was evidence of the following facts: Defendant owned a factory building at 2208 East Eighth Street, in Los Angeles; Mr. Hammond operated a machine shop on the ground floor and defendant lived in a room on the second

floor.   Prior to the date of the assault charge Jess W. Bumgarner, a deputy sheriff, had left with Hammond his card with a message that Prescott get in touch with him; his purpose was to serve civil process.   On September 29, 1950, Bumgarner, not in uniform, returned to defendant's address for the same purpose; he parked his car in the lot adjoining the building and observing defendant, who was standing outside, called to him that he wished to speak with him; defendant entered the building, ascended the stairs, proceeded to a room which he used as an office and bedroom, entered a toilet off the room and fastened the door; Bumgarner ascended the stairs, entered the room and finding no one there descended the stairs and talked with Mr. Hammond; he returned to defendant's room and observing the other door called out, identifying himself, stated his purpose and tried the door which finally opened; defendant emerged, stated that no officer was going to serve process on him, ordered Bumgarner off the premises, picked up a bottle, threatened to hit Bumgarner if he did not leave and as the latter turned to leave hit him on the head with the bottle causing a scalp wound; a struggle ensued in which defendant took Bumgarner's gun and with it marched Bumgarner down the stairs; at the foot of the stairs Bumgarner turned his head but defendant shoved him on and hit him on the head with the gun, causing another laceration; defendant followed Bumgarner to his car which he entered and drove away; defendant returned to the building, gave the gun to Hammond and asked him to call the police.

The evidence at the trial consisted of the transcript of the preliminary hearing at which defendant testified in his own behalf.

There was ample evidence to justify the trial court in concluding that defendant understood that Bumgarner was an officer who had come to make service of civil process, that he attacked the officer in order to prevent the service of the process, that he did not order Bumgarner to leave the premises and afford him an opportunity to do so, but undertook to eject him from the premises by force, and in so doing employed a degree of force that was wholly unnecessary to accomplish that purpose.   Even under defendant's version of the affair, we think no justification whatever was shown for his striking Bumgarner on the head with the gun as the latter was leaving the premises without resisting.   As described by

Bumgarner, this was a vicious act wholly inconsistent with the claim of defendant that he was endeavoring only to lawfully eject an intruder from his home. There is no merit in the appeal.

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.